J-S34042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                            :              PENNSYLVANIA
                            :
          v.                  :
                            :
                            :
ANTHONY MATTHEW RUFF         : 
                            :
          Appellant         :   No. 429 MDA 2021

Appeal from the Judgment of Sentence Entered March 16, 2021
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000949-2020

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:       **FILED: JANUARY 20, 2022**

Anthony Matthew Ruff (Appellant) appeals from the judgment of sentence entered in the Adams County Court of Common Pleas following his convictions of terroristic threats, simple assault, and disorderly conduct.[1] Contemporaneous with this appeal, Appellant's counsel, Jason G. Pudleiner, Esquire, (Counsel) has filed a petition to withdraw from representation and an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). The *Anders* brief presents weight, sufficiency, and ineffective assistance of counsel challenges.[2]

---

[1] 18 Pa.C.S. §§ 2706(a)(1), 2701(a)(3), and 5503(a)(4), respectively.

[2] The Commonwealth filed a letter with this Court on September 17, 2021, indicting that it would not be filing a responsive brief and would be relying on the trial court's May 25, 2021, opinion.

For the reasons below, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

The trial court summarized the factual history as follows:

On the evening of July 23, 2020 Emy Bievenour (hereinafter "Emy") and her mother-in-law, Marci Bievenour (hereinafter "Marci") were driving in Fairfield, Adams County, Pennsylvania. Emy was driving and Marci was in the front passenger seat of the vehicle. Both individuals testified that while travelling on Fairfield Road they observed a white vehicle enter Fairfield Road and travel towards them. Both witnesses observed a light skinned black male sitting on the ledge of the driver side rear window, the window was completely down, and the individual's body from his waist up was outside the vehicle. The individual's right hand was on top of the vehicle and in his left hand was a pistol aimed directly at the front window of the Bievenour vehicle. As they passed the vehicle, the black handgun was pointed directly at the windshield of the Bievenour vehicle. Both Emy and Marci identified the Appellant as the individual that was pointing the handgun at them. Emy testified she was in fear when she observed the handgun pointed directly at her.

Marci testified she is familiar with handguns. The handgun pointed at them appeared to be an automatic with clip action, not a revolver. She testified the handgun was all black with "some weight" and was not a toy. She testified the handgun looked like a real gun. She was concerned for her safety.

Emy called 9-1-1 to report the incident and Trooper Brandon Black of the Pennsylvania State Police responded to their residence on the evening of July 23, 2020. They advised Trooper Black they observed the vehicle enter Fairfield Road from McGlaughlin Lane and provided a description of the vehicle and the individual holding the handgun.

Trooper Black travelled to the area of McGlaughlin Lane and Fairfield Road and received information from an individual living in the area. Based on the information, Trooper Black learned that the individual hanging outside of the white vehicle goes by the nickname "Vegan" and he was from Frederick, Maryland. Through investigation Trooper Black determined that "Vegan" was the Appellant, Anthony Ruff.

- 2 -

On July 25, 2020, Trooper Black travelled to the location near the intersection of Fairfield Road and McGlaughlin Lane and observed Appellant at this location. Trooper Black was in a marked Pennsylvania State Police vehicle in full uniform. When Appellant saw Trooper Black, he ran into the garage of the residence. Trooper Black made contact with Appellant. Appellant advised Trooper Black he went by the street name "Vegan", he was in Fairfield on July 23, 2020, and admitted to shooting at cans with a bb gun pistol. Trooper Black placed Appellant under arrest.

Trial Ct. Op., 5/25/21, at 1-3.

On December 21, 2020, Appellant appeared with Counsel and requested the right to proceed *pro se*. The court conducted a colloquy and subsequently granted Appellant's request to represent himself. The court also appointed Counsel as stand-by counsel for Appellant.

On March 1, 2021, following another colloquy by the court, Appellant waived his right to a jury trial and requested a non-jury trial. The matter proceeded to a bench trial on March 12, 2021. The two victims, Trooper Black, and Appellant all testified about the events that led to the charges. At the conclusion of the trial, the court found Appellant guilty of terroristic threats, simple assault, and disorderly conduct.

Four days later, *via* a video conference proceeding, the court sentenced Appellant to a total confinement of six months to 24 months of state incarceration for the terroristic threats and simple assault convictions.[3] These

---

[3] The court found that based on the testimony presented, the deadly weapons enhancement (used) applied. The court also noted that at that time Appellant
*(Footnote Continued Next Page)*

sentences were to run concurrently. The court did not impose a sentence regarding the disorderly conduct conviction.

Appellant then filed a timely *pro se* appeal to this Court and requested an appointed lawyer. The trial court appointed Appellant's stand-by counsel to represent him. The court also ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel complied with the trial court's concise statement directive on May 5, 2021, raising one issue – that Appellant's convictions were against the weight of the evidence. *See* Statement of Errors Complained of on Appeal, 5/5/21.

During this time, Appellant wrote a letter on May 19, 2021, that was docketed in the trial court. In the letter, Appellant alleged the following:

> I would like to appeal my case. I feel as [though] I was taken advantage of because [of] lack of support from my public defender who I fired. The Judge found me guilty from [hearsay], which is an accusation. The testimony of the victims was accusing me of being the [alleged] suspect, but never gave any real proof. Also the victim's story was two different stor[ies —] they stated different stor[ies]. I also feel like the simple assault is [incorrectly] charged against me, putting someone in ["]fear" or ["]danger" of [serious bodily injury] is a psychological [offense.] I do know fear being an emotion coming from your brain and assault is a physical thing. I was never given a correct opportunity to speak to my [witnesses]. I have two people who [would have] testified in my defense but I was never informed of being taken to the court[]house for [trial.] Court was being postponed because of Covid and [did not want to] bring the public into the courts, but the arresting officer and [the] victims [were] there, who are a[]part of the public. The Adams County Adult

committed the present offense, he was on probation for two separate cases in Maryland. *See* Order of Court, 3/22/21, at 1.

Correctional Complex refused my legal calls to my witnesses and [their] testimony could have changed the outcome. The [District Attorney] brought forward [the] evidence but could not prove I pointed a gun at anyone[. T]he picture of me in the back of the cop car proves I was in [Pennsylvania] two days after the crime, but still never proves the fact I pointed a gun at someone. In order for me to be found guilty[,] you have to prove that I pointed a gun at the victims and you failed to give any real evidence of that. If it is possible[,] I would like someone other than [Counsel] to represent my case because he could [have done] something to [prevent] me going to prison or even being found guilty. I will and am in the process of detectives and lawyers investigating my case.

Appellant's *Pro Se* Correspondence, 5/19/21 (some grammar and punctuation added; emphasis omitted).[4]

The court issued a Pa.R.A.P. 1925(a) opinion on May 25, 2021, which solely addressed the weight claim. **See** Trial Ct. Op. at 4-6. The matter is now before us.

When, as here, Counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015). An attorney seeking to withdraw from representation on appeal must:

---

[4] We point out that because Appellant was represented by Counsel at the time, the *pro se* correspondence was a legal nullity. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139-1140 (Pa. 1993); **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).  Pursuant to *Santiago*, counsel must also:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting Santiago*, 978 A.2d at 361.

In the present case, the brief and petition to withdraw filed by Counsel complies with the requirements of *Anders* and *Santiago*.  *See Cartrette*, 83 A.3d at 1032.  Moreover, Counsel has provided this Court with a copy of the letter he sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se*, and to raise any additional points for this Court's attention.  *See* Counsel's letter to Appellant, 8/18/21.  Appellant has not filed a response.  Therefore, we proceed to examine the issues identified in the *Anders* brief, and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous."  *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa. Super. 2018) (*en banc*) (citation omitted).

If we agree with counsel's assessment, "[we] may grant counsel's request to withdraw and dismiss the appeal[.]" ***Id.*** (citation omitted).

The ***Anders*** brief identifies three potential claims for our review: whether (1) the convictions for terroristic threats and simple assault were against the weight of the evidence; (2) there was insufficient evidence to support the convictions for terroristic threats and simple assault; and (3) Counsel provided ineffective assistance of counsel. ***See Anders*** Brief at 6.[5] Upon our review, we conclude both the weight and sufficiency claims are waived, and the ineffectiveness argument is not properly before us.

Appellant first claims the verdict as to his terroristic threats and simple assault convictions was against the weight of the evidence. ***See*** Appellant's Brief at 14-16. However, we are precluded from reviewing this argument. It is well-settled law that a defendant must raise a claim asserting the verdict is against the weight of the evidence before the trial court, either orally at sentencing or in a written post-sentence motion. ***See*** Pa.R.Crim.P. 607; ***see also Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004) ("As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.") (punctuation omitted); ***Commonwealth v.***

---

[5] Based on the nature of the claims, we have reordered them in our analysis for ease of disposition.

*Burkett*, 830 A.2d 1034, 1037 n.3 (Pa. Super. 2003) (generally, a claim challenging the weight of the evidence cannot be raised for the first time in a concise statement). Here, a review of the record reveals Appellant did not raise the claim at sentencing, and he did not file a post-sentence motion. Therefore, Appellant has waived his weight claim.[6]

Next, Appellant asserts there was insufficient evidence to support the convictions for both terroristic threats and simple assault. *See* Appellant's Brief at 12-14. We observe that Appellant's sufficiency claim is waived because he did not include that specific issue in his court-ordered concise statement. *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not included in court-ordered statement are waived); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) (holding that where a trial court directs a defendant to file a Rule 1925(b) concise statement, any issues not raised in that statement shall be waived). Similar to the weight claim, we are precluded from reviewing Appellant's sufficiency argument.

_____

[6] Assuming *arguendo* Appellant had properly preserved his weight claim, we would affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 5-6 (finding Appellant's weight claim had no merit where the court, sitting as the fact-finder, found the victims to be credible and Appellant to be not credible, particularly his trial testimony that he was in Maryland on the day of the incident because it contradicted the statement he gave to Trooper Black on July 25, 2020, just two days after the incident, and was not supported by any other evidence).

Third, in reference to Appellant's May 19, 2021, *pro se* correspondence, the **Anders** brief sets forth an argument that Counsel provided ineffective assistance of counsel. **See** Anders Brief at 11-12. Such an ineffectiveness claim, however, is premature. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), the Pennsylvania Supreme Court reaffirmed the general rule that was initially set forth in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002) – that "claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act[7]] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Holmes**, 79 A.3d at 576 (footnote omitted). Although there are several recognized exceptions to the general rule,[8] they are not applicable in the instant matter. Therefore, Appellant's ineffective

_____

[7] 42 Pa.C.S. § 9541-9546.

[8] The **Holmes** Court specifically recognized two exceptions: (1) where the trial court determines that an ineffectiveness argument is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." **Holmes**, 79 A.3d at 564, 577 (footnote omitted). A third exception was subsequently adopted by the Supreme Court for "claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018) ("[W]here the defendant is ineligible for PCRA review because he was sentenced only to pay a fine, we agree with [the defendant] that the reasoning in **Holmes** applies with equal force to these circumstances.").

assistance of counsel claim is not cognizable on direct appeal and must await collateral review.[9]

Lastly, our independent review of the record reveals no non-frivolous issues to be raised on appeal. **See Yorgey**, 188 A.3d at 1196. Accordingly, because Appellant's arguments are unavailing, we affirm the judgment of sentence and grant Counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judge Dubow joins the Memorandum.

Judge McLaughlin Concurs in the Result.

_____

[9] Nevertheless, we do note the following:

> [The Pennsylvania Supreme] Court has recognized the limited role of standby counsel. Consistent with that limited role, standby counsel cannot be subject to claims of ineffective assistance of counsel. Moreover, the appointment of standby counsel does not imply or authorize hybrid representation. Indeed, no defendant has a constitutional right to hybrid representation, either at trial or on appeal.

**Commonwealth v. Blakeney**, 108 A.3d 739, 762 (Pa. 2014) (citations omitted).

It also merits mention the Pennsylvania Supreme Court recently acknowledged the necessity to enact a "more appropriate mechanism for the enforcement of effective assistance of counsel in PCRA proceedings." **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021). The **Bradley** Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** (footnote omitted). Turning to the present matter, because review of Appellant's case is at the direct appeal stage and he has not had the opportunity to file a PCRA petition, **Bradley** is not applicable.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/20/2022